IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

ALEXANDER RAMOS-JIMENEZ            :
                                           : CIVIL ACTION NO. 04-12667-GAO
    v.                           :
                                           :
UNITED STATES OF AMERICA           :

    GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE

Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Theodore B. Heinrich, Assistant United States Attorney for the District of Massachusetts, and files this Response to the Petitioner's Motion to Vacate His Sentence Pursuant to 28 U.S.C. § 2255.  The motion should be denied without a hearing.

Ramos-Jimenez was arrested on December 27, 2002 when he delivered 501.8 grams of heroin to an undercover officer.  On May 29, 2003, Ramos-Jimenez pled guilty to a one count information charging him with possessing with intent to distribute more than 500 grams of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).  Pursuant to the plea agreement, the parties agreed on the quantity of heroin attributable to the defendant, but disagreed about his role in the offense.  In particular, the plea agreement stated:

> The Defendant reserves the right to argue that a minimal role reduction of 4 levels is warranted, pursuant to U.S.S.G. § 3B1.2(b).

The sentencing hearing was held on September 24, 2003.  The Presentence Investigation Report calculated Ramos-Jimenez's

guideline range as 46-57 months. It found that no adjustment up or down was warranted based on the defendant's role in the offense. On August 10, 2003, counsel for the defendant objected, arguing for a 4 level role reduction. Prior to the hearing, counsel filed a sentencing memorandum arguing, among other things, for a 4 level role reduction because defendant "was under the complete direction and control of others." See Sentencing Memorandum, p. 5-7, attached. At the sentencing hearing, counsel argued again for a role reduction. Nevertheless, after hearing argument, the Court ruled no role adjustment was warranted.

The Court imposed a sentence of 46 month's imprisonment, the low end of the guideline range. Ramos-Jimenez did not appeal his sentence.

In his Motion To Vacate the Sentence Pursuant to 28 U.S.C. § 2255, Ramos-Jimenez asserts that he received ineffective assistance of counsel. As his sole ground, he alleges that his counsel was ineffective "for failing to seek an offense level reduction at sentencing" based on his role in the offense. Petition at 9.

The petition should be dismissed without a hearing. As set forth above, the record affirmatively establishes that defense counsel did seek a role reduction at sentencing. Accordingly, there is no factual basis upon which to sustain his claim of ineffective assistance of counsel.

A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Id. at 225-26; see also Rule 4(b), Rules Governing Section 2255 Proceedings. Here, the factual allegations underlying petitioner's claim contradict the record.

An ineffective assistance of counsel claim will succeed only if the defendant--who bears the burden on both points, Scarpa v. DuBois, 38 F.3d 1, 8-9 (1st Cir. 1994)--shows (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error or errors, the outcome would likely have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Ramos-Jimenez has made no such showing and failed to carry his burden.

Absent a claim of ineffective assistance, the claims suggested by Petitioner are not cognizable pursuant to Section 2255. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). A non-constitutional claim, such as a claim that the sentencing guidelines were improperly applied, that could have been, but was

not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances. Id. Such claims are said to be cognizable only where the alleged error presents "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). Ramos-Jimenez alleges no exceptional circumstances that would take this case out of the constraints imposed by Knight.

Additionally, the defendant failed to raise this claim on appeal. Thus, he has forfeited any right to raise it now. United States v. Frady, 456 U.S. 152 (1982).

For all these reasons, the Petitioner's Motion to Vacate his sentence should be dismissed without a hearing. The government notes that this response was prepared pursuant to the Court's order and ready to be filed on January 5, 2005 as evidenced by the date that appeared on a prior certificate of service. For unknown reasons, the document was never filed. The government apologizes for the oversight.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

        /s/  Theodore B. Heinrich

        THEODORE B. HEINRICH
        ASSISTANT U.S. ATTORNEY
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        617/748-3245

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by United States mail, postage prepaid, to:

>     Alexander Ramos-Jimenez
>     Reg No. 24565-038
>     F.S.L. Elkton
>     P.O. Box 10
>     Lisbon, Ohio  44432

This 2nd day of June, 2005.

>                    /s/  Theodore B. Heinrich
>                    Theodore B. Heinrich
>                    ASSISTANT UNITED STATES ATTORNEY