IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

ALEXANDER RAMOS JIMENEZ,     )
                             )
        Petitioner,          )   CIVIL CASE NO: 04-12667-6AO
                             )
   vs.                       )   CRIMINAL CASE NO: 03-10070-6AO
                             )
UNITED STATES OF AMERICA,    )   THE HONORABLE GEORGE A. O'TOOLE
                             )   U.S. DISTRICT COURT JUDGE
        Respondent.          )
                             )

PETITIONER'S RESPONSE TO GOVERNMENT'S
MOTION TO PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. § 2255

Comes now, the Petitioner, Alexander Ramos Jimenez, appearing Pro-Se, who files this motion in response to the Government's Motion to Petitioner's Motion pursuant to 28 U.S.C. § 2255. The motion should be granted and an evidentiary hearing should be held.

PLEA FOR LIBERAL CONSIDERATIONS

Petitioner respectfully moves this Honorable Court to grant all liberal considerations with respect to this action, pursuant to Haines v. Kerner, 404 U.S. 519 (1972), as Petitioner is not an attorney, and has had no professional training with respect to the filing of legal pleadings.

## Petitioner's Response

On April 29, 2003, the Petitioner appeared in the U.S. District Court in Boston, before The Honorable George A. O'Toole, he waived the indictment, and entered a plea of guilty to the felony information. After a factual basis was presented, the Court accepted the plea and sentencing was scheduled for September 4, 2003.

On September 4, 2003, a sentencing hearing was held and the Petitioner was held and the Petitioner was sentenced at a level 23, which was 46 months of incarceration.

On April 18, 2004, the Petitioner filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. The Petitioner alleges ineffective assistance of counsel in his motion. Government's counsel states that Petitioner's motion should be dismissed without a hearing. "As the record shows, the defense counsel did seek a role reduction at sentencing. Accordingly, there is no factual basis upon which the Petitioner could sustain his claim of ineffective assistance of counsel."

The factual allegations underlying pertitioner's claim do not contradict the record as claimed by Government's counsel.

An ineffective assistance of counsel claim will succeed only if the defendant, who bears the burden on both points shows that counsel's performance fell below an objective standard of reasonableness, and that but for the errors, the outcome would likely have been different. (Strickland v. Washington, 466 U.S. 668)

The Sixth Amendment guarantees to criminal defendants' right to assistance of counsel. A vital corollam to this guarantee in the requirement of effective of counsel, that is, counsel reasonably likely to render and rendering reasonably effective assistance given the totality of the circumstances. Hearing v. Estelle, 491 F.2d 125, 127 (5th Cir. 1974). In this case at bar, counsel failed to articulate Petitioner's minor-role request and failed to protect the Petitioner's right at sentencing.

At sentencing, the burden is on the party seeking the minor-role reduction to prove, by a preponderance of the evidence, that he is entitled to a reduction. A district court's determination of a defendant's role in the offense should be guided by two principles. First, the district court must measure the defendant's role against his relevant conduct. That is, the court should compare the defendant's actual conduct with the conduct for which he has been held accountable. Second, where the record evidence is sufficient, the district court may measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant. Petitioner's counsel did not provide examples of relevant factual considerations that a district court may have considered when ruling on a request for a minor-role reduction. Petitioner's counsel did not provide sufficient facts supporting Petitioner's contention that he was less culpable than others allegedly involved.

For these reasons and others discussed, the Court should grant Petitioner's motion.

Respectfully submitted,

_____
Alexander Ramos Jimenez
Pro-Se

-3-

CERTIFICATE OF SERVICE

I certify that on July ___, 19 2005, I mailed a complete copy of this Motion to Government's Response, and all attachments to all parties addressed as shown below:

Clerk's Office
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210


United States Attorneys
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210

Respectfully submitted,

_____
Alexander Ramos Jimenez